[No. 2565. Decided June 26, 1897.]

WILLIAM SPROUL, *Respondent*, v. THE CITY OF SEATTLE,
                    *Appellant.*

DEFECTIVE SIDEWALK — ACTION AGAINST CITY — NOTICE OF CLAIM —
    NEGLIGENCE — QUESTION FOR JURY — EVIDENCE — EXCESSIVE DAM-
    AGES.

Where proof that a claim of damages had been served upon
a city is admitted without objection, the presumption arises that
the service fully complied with the charter provisions requiring
the claim to be presented to the council and filed with the clerk,
prior to action thereon.

The question of whether the city had notice of the dangerous
condition of a sidewalk is properly for the jury, when it appears
that an excavation had been made in the sidewalk in front of a
building in course of erection in the business part of the city,
across which excavation stringers for a new sidewalk had been
laid; that the excavation had been in this condition for several
weeks, guarded at one end by a small scantling loosely resting
upon a box and a barrel and extending from the building to the
outer edge of the sidewalk; and that at the time of the accident
and for several hours prior thereto, even this barrier had been
removed, leaving no protection against persons falling into an
excavation some ten or twelve feet in depth.

The fact that a city has granted a permit to the owner of
abutting property to excavate a sidewalk, will not excuse the city
for his acts in rendering it unsafe and dangerous to the public,
if the city had either actual or constructive notice of its condition
and failed to cause it to be made safe.

In an action for the recovery of damages for injuries received
by reason of a defective sidewalk, it is not error to admit testi-
mony on the part of plaintiff as to the condition of the walk on
the next day, when it is stated that the sole object of such testi-
mony is for the purpose of impeaching a witness for the city who
had given testimony upon that subject.

A verdict for $5,100 damages is not excessive, where it appears
that plaintiff was injured in his back, right shoulder and arm,
and across the abdomen, in consequence of which injuries the
muscles of the arm and shoulder had become shrunken and weak-
ened, and the abdomen was much distended and his bowels para-

lyzed; that he had suffered intense and excruciating pain for several days following the accident; that the injury to his arm and shoulder would probably be permanent; that at the time of the injury he was a robust, vigorous man, fifty-seven years of age, enjoying good health and capable of earning two dollars per day, while as a result of his injuries he was unable to perform any labor and his earning capacity had been greatly impaired.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Affirmed.

In an action for personal injuries, plaintiff, a farmer and laborer, fifty seven years of age, recovered a verdict against the city in the sum of $5,100. From the judgment thereon the city has appealed.

*John K. Brown,* and *F. B. Tipton,* for appellant.
*Brady & Gay,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was to recover for a personal injury alleged to have been received by the respondent from a fall through an excavation in the sidewalk and street within the corporate limits of the city of Seattle. There was a trial and judgment in favor of respondent in the superior court from which the city has appealed.

1. The first error complained of is that there was no proof that the claim for damages was ever presented to the city council or filed with the city clerk as required by § 29 of art. IV of the charter of the city (Freeholder's Charter, 1896), and for that reason the court should have granted appellant's motion for a non-suit. That section is as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within six months after the time when such claim for damages accrued, and no ordinance shall be passed allowing any

17—17 WASH.

such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof until such claim has first been referred to the proper department, nor 'until such department has made its report to the city council thereon pursuant to such reference. No action shall be maintained against the city for any claim for damages until 'the same has been presented to the city council and sixty days have elapsed after such presentation."

Charles E. Gay, a witness on behalf of respondent, testified that on or about the first of February, 1896, he was stenographer and clerk in the office of respondent's attorneys, and that under their direction on behalf of the respondent he served upon the city respondent's claim for damages, and a copy of such claim was identified by him and admitted in evidence without any objection. It is the contention of appellant in this behalf that there is no proof that the claim was served within six months after the time when such claim for damages accrued, or that it was either presented to the council or filed with the city clerk. The copy which went into the record without objection shows that the claim was based upon an injury sustained on the 4th of January, 1896, the claim itself was verified on February 1, 1896, and the record shows that this action was brought in April, 1896, and issue of fact actually joined within six months from the date of the injury. Manifestly, therefore, the claim, if presented at all, was presented within the time prescribed by § 29, *supra*. As to the further objection that the proof does not show that the claim was presented to the council or filed with the clerk, it is sufficient that the witness was permitted without objection to testify that he served the claim upon the city. In the absence of specific objection, we think it is but reasonable to presume that the service referred to by the witness was a good and sufficient legal service. The claim

is addressed " to the city council of the city of Seattle,"
and contains the following recital: "Which said claim is
herewith filed with the clerk of the said city council."
Without extending the discussion on this point, we think
the objection is without merit.

2. It is next contended that there is no proof that appel-
lant was negligent in the premises, or that it had any
notice, actual or constructive, of the condition of the exca-
vation within a reasonable time prior to the accident.  It
is conceded that the injury occurred at a point on Main
street in the city of Seattle between Commercial and South
Second streets.  Some time prior thereto the city had given
a permit to the owner of the abutting property to remove
the sidewalk on the street and excavate thereunder for the
purpose of erecting a brick building; a temporary sidewalk
had been built over this excavation, and subsequently it had
been removed and " stringers " for a permanent sidewalk
had been put in place, and at one end of the excavation
a so-called barrier had been placed extending from the
outer edge of the sidewalk to the building.  The character
and sufficiency of this barrier was one of the disputed ques-
tions at the trial, and there was considerable evidence on
the part of plaintiff tending to show that it consisted simply
of an ordinary " two by four " resting loosely, one end
upon a keg or barrel and the other on a box, and that such
was the condition for a period of some weeks prior to the
time of the accident.  There was also testimony tending
to show that from about three o'clock in the afternoon of
the day of the accident there was no barrier whatever to
protect persons or prevent them from falling into the ex-
cavation.  The accident is alleged to have occurred be-
tween six and seven o'clock in the evening.  The street
at the point where this injury is alleged to have occurred
was in the business part of the city and very much traveled.

The excavation into which respondent is alleged to have fallen was from ten to twelve feet in depth, and contained broken stones and bricks against and upon which the respondent fell. From the excavation he was removed to the hospital, where he remained under medical treatment for a period of over two weeks. Considering the length of time that the street and sidewalk at the point where the injury was sustained remained in the condition already described we think the lower court did not err in refusing to hold as matter of law that the city had no notice either actual or constructive of the dangerous condition of this excavation within a reasonable time prior to the accident, and it was correctly left for the jury to say, under the evidence, whether it had remained in an unsafe and dangerous condition so long that the city authorities, in the exercise of ordinary care and diligence, should have known of its condition.

3. The city cannot escape responsibility upon the theory that the unsafe condition of the walk was brought about by the act of the owner of the abutting property. If from the evidence the jury might properly have found that the authorities had either actual or constructive notice of such unsafe condition, and failed thereafter within a reasonable time to make, or cause it to be made, safe, its responsibility to the public and to the plaintiff is in no way lessened or affected by the fact that it had, prior to the accident, granted a permit to the owner to make the excavation. Under any and all circumstances it is liable for such injuries arising from defects in public walks as the exercise of ordinary care upon the part of its authorities would prevent, and that was the theory upon which the case was submitted to the jury by the learned trial judge. The foundation of respondent's action was neglect of duty by the corporate authorities. *Dooley v. Town of Sullivan,*

112 Ind. 451 (14 N. E. 566, 2 Am. St. Rep. 209), is inapplicable to the facts in the present case.

4. The court did not err in denying appellant's motion to strike from the record the answer of witness Price to the following question:

" Q. What was the barrier placed up there by somebody the next day? [Referring to the day of the accident].

"A. The next day there was a ladder made and constructed of two by fours fastened up with a post—nailed to a post, and that post had a brace from there down to the stringer, and the next night—Sunday night—there was a lantern hung on the corner."

In answer to the motion to strike out, respondent's counsel stated that the testimony was for the purpose of impeaching Mr. Down, a witness for the city, who had testified as to the condition of the premises at the place where the accident occurred on the day following the accident. From such statement, made as it was in the presence of the jury, concerning the purpose for which the evidence was offered, it is but fair to presume that the jury understood the use which they were permitted to make of this testimony, and if appellant's counsel had desired a particular instruction limiting its effect it should have proffered a request therefor.

The other errors assigned relate to instructions requested and refused. We have carefully examined appellant's requests for charge, but are clearly of the opinion that those which were applicable to the case were embraced within the general charge, which was clear and comprehensive, and correctly stated the rules of law by which the jury were required to be governed.

5. Lastly, it is contended that the verdict is excessive, and appears to have been given under the influence of prejudice and passion. The evidence of the respondent and his physicians shows that he was injured in his back, right

shoulder and arm, and across the abdomen, in consequence of which injury the muscles of the arm and shoulder had become shrunken and weakened to such an extent that it is extremely difficult, and at times quite impossible, for him to raise his arm, and it is probable that the injury in this respect will be permanent. For several days following the accident he suffered intense and excruciating pain. The abdomen was very much distended and his bowels were paralyzed. At and prior to the time of receiving the injury complained of he was enjoying good health, was robust and vigorous and capable of earning two dollars per day. From the time of the accident down to the trial, as a result of the injuries sustained by him, he was unable to perform any labor, and it is not too much to say that his earning capacity has been greatly impaired. Under such circumstances we cannot say that the damages awarded by the jury are excessive. Cases might be multiplied in which verdicts for even greater sums have been upheld where the injuries received were not so serious as those sustained by the respondent, and the record in the present case presents no sufficient reason for interfering with the verdict on the ground that the damages awarded were excessive.

This case seems throughout to have had the careful consideration of the trial judge and the record is exceptionally unobjectionable.

Affirmed.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.