No. 25,893.

J. W. Dorsey DeGood, *Appellant,* v. T. H. Gettle, Sheriff, and John Cole, Intervener, *Appellees.*

### SYLLABUS BY THE COURT.

1. Landlord and Tenant—*Attornment—Nature and Elements.* Attornment is a recognition by a tenant of a new landlord where a grant has been made by the original landowner who consents that the possession shall pass, and upon the testimony it is held that the one attempting to attorn to the plaintiff was not a tenant of the purchaser who placed him in charge of the property and had no right to surrender the possession to another without the consent of such purchaser.

2. Vendor and Purchaser — *Forfeiture for Nonperformance — Equitable Relief.* Following the rule that equity will relieve from a forfeiture for the nonperformance of conditions in a contract for the sale of land where the circumstances are such that it would be grossly inequitable to enforce forfeiture and where the party asking it can be fully compensated for the nonperformance of the contract, it is held that the court justly granted relief against the forfeiture.

3. Damages—*Measure—Destruction of Building—Evidence.* The evidence examined and held to be sufficient to uphold the finding as to the damages resulting from the action of plaintiff in tearing down a building erected by the purchaser on the lots sold to him.

1. Attornment, 6 C. J. pp. 818, 819; Landlord and Tenant, 35 C. J. § 37; L. R. A. 1915C, 201; 16 R. C. L. 636. 2. Vendor and Purchaser, 39 Cyc. p. 1369; 27 R. C. L. 667. 3. Damages, 17 C. J. § 340.

DeGood v. Gettle.

4. VENDOR AND PURCHASER—*Good Faith and Diligence—Relief from Forfeiture.*
The purchaser having paid twelve-thirteenths ($12/13$) of the purchase price
of the lots and erected valuable improvements thereon, the court was war-
ranted in relieving him from forfeiture after providing that the plaintiff
should be fully protected and compensated.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion
filed November 7, 1925. Affirmed.

C. A. P. Falconer, of Atwood, and E. E. Kite, of St. Francis, for the ap-
pellant.

J. L. Finley, of St. Francis, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought by J. W. Dorsey
DeGood against T. H. Gettle, as sheriff, to enjoin a sale of real
estate upon which the sheriff had levied an execution.   John Cole,
a purchaser of the property intervened, setting up his interest in
the property seized, and a judgment was rendered, from which
DeGood appeals.

It appears that on May 1, 1919, DeGood entered into a contract
for the sale of two lots to John Cole and Clive Trent, for $2,600,
payable $100 in cash and the balance in payments of $50 the first
of each of the following months until all was paid, whereupon the
plaintiff was to execute a deed.   It was stipulated that the pur-
chasers were to pay the taxes on the property and that a failure
to make the stipulated payments should constitute grounds of for-
feiture.   Subsequently and upon agreement of all the parties Trent
was released from the contract and Cole assumed all of its obliga-
tions.   Afterwards Cole erected a building forty-eight by sixty on
the lots, called an Air Dome, at a cost of $2,200.   Payments were
made by Cole on the property from month to month until $2,400
of the price $2,600 had been paid.   Before the March, 1923, pay-
ment was made Cole made a motor trip to California and sustained
injuries in an accident which laid him up for four or five months.
Soon after he started on the trip, and on April 9, 1923, plaintiff
undertook to forfeit the contract and the payments that had been
made by Cole and to take possession of the property.   Cole had
arranged with one Billington that the latter should care for the
property while Cole was absent and might use a part of it for his
own purposes.   The plaintiff approached Billington and told him

4. Vendor and Purchaser, 39 Cyc. p. 1369.

that he was taking possession of the property, and at plaintiff's request Billington put a lock on a door and nailed up some doors and windows of the building and made some repairs. Possession was thus taken by plaintiff without notice to Cole of any kind, and shortly afterwards he caused the building to be torn down and the material in it sold to another. It appears that Cole had failed to pay for all the material used in erecting the building and a mechanic's lien had been filed against it and a foreclosure of the same begun. Plaintiff paid and discharged this lien, also paid taxes and insurance on the building that Cole had left unpaid. A judgment against Cole had been obtained by the lumber company for other material, before a justice of the peace, amounting to $195, which had been filed in the district court and upon which an execution had been levied on the property, and on July 31, 1923, this action was brought to enjoin the sale.

Upon the testimony the trial court found that the execution was valid and had been properly levied, and that the plaintiff was not entitled to the injunction asked. On the issues formed between the plaintiff and Cole, intervener, it was found that Cole was in default, in that one payment on the purchase price had not been made, that Cole had failed to pay for insurance and taxes on the building, ·as the contract required, that plaintiff rightfully paid the same, and that plaintiff's interest was such as to warrant him in discharging the mechanic's liens, insurance and taxes which had accrued against the building, as each was a proper charge against Cole's interest under the contract.

It was also found that Cole having made all the payments on the contract price of $2,600, except $200, the plaintiff had no right to declare a forfeiture and take possession of the property, tear down the building and appropriate the same without notice and without giving Cole an opportunity to redeem the same and save himself from heavy loss. There was a finding that plaintiff had damaged Cole by the tearing down of the building and appropriating the same in the sum of $1,153.15, and that this should be set off against the amount due plaintiff for the amount unpaid on the purchase price and for the taxes, insurance and lien on the property advanced by plaintiff, totaling $1,631.30. The judgment of the court was that Cole should have six months in which to redeem the property, and that on the payment of the amount due to plaintiff, to wit, $478.15,

plaintiff should make and deliver a good and sufficient deed of the lots to Cole.

Complaint is made by plaintiff of the findings made and of the failure of the court to make additional findings.

It is contended first that the court should have found that Billington who was left in charge of the property had attorned to plaintiff. Billington could not transfer any right to plaintiff without the consent of Cole, who had left him in charge of the property. An attornment is a recognition by a tenant of a new landlord upon the alienation of land, and in the nature of things there can be no attornment unless there has been a grant by his landlord and a consent by him that possession should pass. Billington was not the tenant of a landlord, and even if that relation had existed there was no grant nor consent by Cole that possession should be surrendered to the plaintiff. Nothing could be gained by plaintiff as against Cole by Billington's recognition of plaintiff's claim. (6 C. J. 818.)

Exceptions are taken to the valuation placed by the court on the building torn down. Considerable testimony was received as to the cost of the material used in its erection. This, of course, was not the proper test of the damages caused by plaintiff in the razing of the building. He was liable for the value of the structure as it stood when it was torn down, and appropriated by him. It was difficult to show and determine the value of such a structure. Both parties produced evidence in regard to the material which was placed in the building when it was constructed, and also testimony tending to show the difference in the prices of material and labor at the time of its construction and at the time it was appropriated and torn down by plaintiff. Plaintiff himself testified that the difference was about ten per cent, while others placed the difference in labor and material at a larger per cent. The condition of the building when appropriated and the deterioration of the same were fully brought out in the testimony, and witnesses differed greatly as to its value. One of the plaintiff's witnesses placed the value at $400, but he stated that with a little repair its rental value would be from $20 to $25 per month, which would be a return of ten per cent on a value of $3,000. The plaintiff himself said the building and machinery were worth $1,800 when it was sold, but that it had depreciated one-third of that sum. Another witness said it would cost about $1,600 to put up a building in the condition of the one destroyed by plaintiff in 1923. In fixing the value of the building destroyed, it was not

improper to show the material that entered into its construction, and while the cost of material and labor at that time was not the test of value when it was appropriated by plaintiff, yet as the difference in the prices then and when they were purchased was brought out by both parties it can hardly be said that plaintiff was prejudiced by the improper testimony. On the whole evidence we cannot say that the result reached by the court was unjust nor that the valuation of the building for which plaintiff was held liable was excessive or would warrant a reversal of the judgment.

Was the court warranted in giving Cole relief as against a forfeiture? There was a default in the performance of contractual conditions for payments of money. Forfeitures, however, are not favorites of the law and ordinarily will not be enforced where it would be radically inequitable to do so, and especially where the parties asking the benefit of a forfeiture can be fully compensated or placed in *statu quo.* Here all but one-thirteenth of the purchase price of the property had been paid by Cole, and he had erected valuable improvements on the lots sold. All payments of the purchase price had been timely made to and received by plaintiff except the one due before Cole started on his California trip. In about a month after the default in the absence and without notice to Cole, the plaintiff attempted to enforce a forfeiture and appropriate to himself the $2,400 that Cole had paid, as well as the valuable improvements he had placed upon the lots. The substantial rights of the plaintiff can be adequately protected without resort to the harsh remedy of forfeiture. The enforcement of forfeiture because of the default in making a small payment would cause Cole a loss out of all proportion to the injuries sustained by the plaintiff. In a similar case it was said:

"While contracts for the sale of land in which time is made of the essence of the contract are valid and enforceable at law. or in equity, yet where the circumstances are such that it would be grossly inequitable to enforce a forfeiture, courts of equity will, upon slight ground therefor, relieve a party therefrom and enforce the contract as merely one of sale." (*National Land Co. v. Perry,* 23 Kan. 140. See, also, *Lumber Co. v. Horrigan,* 36 Kan. 387, 13 Pac. 564; *Shade v. Oldroyd,* 39 Kan. 313, 18 Pac. 198; *Geffert v. Geffert,* 98 Kan. 57, 157 Pac. 384; *Holman v. Joslin,* 110 Kan. 674, 204 Pac. 697, 205 Pac. 629.)

The case is one in which full compensation could be made to plaintiff for the defaults of Cole, and the decree of the court adequately protects his rights in that respect.

Other objections are made in which nothing substantial is found and therefore the judgment of the trial court is affirmed.