[No. 26766. Department One. November 23, 1937.]

GEORGE A. SHANDROW *et al., Appellants,* v. THE CITY OF TACOMA, *Respondent.*[1]

S. A. Gagliardi, *for appellants.*

*Howard Carothers, Hilton B. Gardner, Roberts & Skeel,* and *Frank Hunter,* for respondent.

[1]Reported in 73 P. (2d) 733.

Main, J.—This action was brought by George A. Shandrow and Flossie Shandrow, his wife, to recover damages for personal injuries to Mrs. Shandrow, claimed to be due to negligence which was chargeable to the defendant, the city of Tacoma. The cause was tried to a jury, and resulted in a verdict in favor of the defendant. The plaintiffs moved for a new trial, which motion was overruled, and from the judgment entered dismissing the action they appeal.

The cause was here upon a prior appeal, 188 Wash. 389, 62 P. (2d) 1090, which was from the first trial of the action. In that action, the trial court, at the conclusion of the plaintiffs' evidence, granted a nonsuit and, subsequently, granted a motion for a new trial. The appeal in that case was from the order granting the new trial.

The facts are sufficiently stated in the opinion written upon the former appeal and need not be here repeated.

Upon this appeal, the appellants make a number of assignments of error which may be grouped (a) as to the scope of the cross-examination permitted of certain of the witnesses called by the appellant; (b) evidence offered by the respondent and received over objection; and (c) the submission of a special interrogatory to the jury.

■ The scope of the cross-examination rests largely in the discretion of the trial court. The appellants claim that, in their direct testimony, they confined their evidence to the injury which Mrs. Shandrow received to "her knee and ankle." A doctor who examined Mrs. Shandrow two or three days after the accident, on direct examination, testified that, at the time he examined her, she was suffering

". . . extremely from bruises and pains in various places on her body. Her right side was mostly

marked below the shoulder blade; the right hip was discolored; the internal lateral ligament of the right knee was turned loose; the ankle was swollen and bruised, as well as the left ankle. . . ."

On cross-examination, the doctor was asked whether he made an examination of the sacro-iliac joint, and, over objection, was permitted to answer. It cannot be said that this question was foreign to the testimony of the doctor brought out on direct examination. While the doctor's testimony was somewhat general in stating that the patient had pains in various parts of her body, this did not preclude the respondent from making a specific inquiry as to the sacro-iliac.

When Mrs. Shandrow was testifying on cross-examination, there was admitted in evidence, over objection, as a part of that examination, a copy of the complaint for a personal injury which she had sustained some years before. In the amended claim in this case, one of the specifications was, "Injury on her sacro-iliac joint." The specifications of the claim as to the various injuries sustained were carried into the complaint. In the complaint for the former injury, there was an allegation that the claimant was injured "in the sacro-iliac region."

It having been stated in the amended claim that Mrs. Shandrow sustained an injury to the sacro-iliac joint, and this claim of injury being carried into the complaint, it was not error to permit the introduction in evidence of a copy of the complaint in the former action, in so far as its allegations covered the claims of injury in this case.

The objection was general as against the admission of the complaint, and no request was made of the court to permit only the introduction of those portions which were covered in the complaint in the present action. Not having requested the court to

make such limitation, it was not error to receive the entire complaint in evidence as a part of the cross-examination as bearing upon the credibility of the witness. *Sproul v. Seattle,* 17 Wash. 256, 49 Pac. 489; *Blystone v. Walla Walla Valley R. Co.,* 97 Wash. 46, 165 Pac. 1049.

The trial court did not abuse its discretion relative to the scope of the cross-examination.

■ The respondent offered evidence, which was received over objection, to the effect that the detour over which Mrs. Shandrow was passing when she sustained the claimed injury was of the ordinary and usual construction in like or similar situations. The objection to this testimony was not to the qualifications of the witnesses, but to the competency of the evidence. The evidence was properly received. *MacLaughlin v. Hull,* 87 F. (2d) 641; *Hogan v. Metropolitan Building Co.,* 120 Wash. 82, 206 Pac. 959.

■ The court instructed the jury to find, in answer to a special interrogatory, on what date the accident happened. The appellants claim that the date was February 20, 1935, and the respondent, that it was February 27th of that month. The respondent, doubtless, wanted the interrogatories submitted because, if the jury found the date was the 27th, it would lay the foundation for a contention that the claim and amended claim which specified the 20th did not meet the requirements of the charter of the respondent covering such matters.

Rem. Rev. Stat., § 9478 [P. C. § 703], provides in part that, whenever a claim for damages sounding in tort against any city of the first class (of which the respondent is one) is filed, such claim must conform to the requirements of the city charter. The charter of the respondent, the city of Tacoma, provides that such claims shall accurately state "the time," place, cause,

nature, and extent of the alleged damages. While the matter has become now immaterial because the verdict of the jury was in favor of the respondent, nevertheless there was no error in submitting the interrogatory.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, BLAKE, and SIMPSON, JJ., concur.