[No. 33010. Department One. December 1, 1955.]

O. D. Keen et al., *Respondents*, v. W. R. O'Rourke, Sr., et al., *Appellants*.[1]

[1]Reported in 290 P. (2d) 976.

*Geo. W. Thompson* and *Wm. Keylor Smith,* for appellants.

*Minnick & Hahner,* for respondents.

WEAVER, J.—Defendant appeals from a judgment of $4,974.71 entered against him, a jury having returned a verdict in plaintiff's favor.

Plaintiff, a contractor, remodeled and built an addition to defendant's building upon a cost-plus contract. He billed defendant as work progressed, and defendant made payments. The construction work was completed in December, 1949. Final billing was given defendant the latter part of December or the early part of January, evidencing an alleged balance of $8,771.25. It is admitted that $3,500 was paid by defendant on April 13, 1950.

To an action for the balance, defendant advanced three affirmative defenses: First, that the original contract was modified, and that defendant had paid plaintiff in accordance with the modified contract; second, that defendant paid plaintiff $3,500 on April 13, 1950, which, under the circumstances, constituted an accord and satisfaction; and

third, that the cause of action did not accrue within three years prior to its commencement on April 1, 1953.

Plaintiff's reply denied the material allegations of the affirmative defenses.

Defendant assigns error to the trial court's refusal to dismiss the action on the ground it was barred by the statute of limitations; and to the admission of certain exhibits in evidence.

The crux of the problem is whether the payment of $3,500 on April 13, 1950, tolled the running of the statute of limitations. If it did not, then this action is barred by the statute.

Evidence of the circumstances concerning delivery of the $3,500 payment is in conflict. Defendant testified that he said:

" 'Les, that is all I will ever pay, that is the end.' "

Plaintiff denied any such conversation.

Our statute provides:

"When any payment of principal or interest is made upon any existing contract, whether it is a bill of exchange, promissory note, bond, or other evidence of indebtedness, *if such payment is made after the same becomes due, the limitation shall commence from the time the last payment was made.*" RCW 4.16.270. (Italics ours.)

Upon this issue, the trial court instructed the jury as follows:

"If you find that defendants made a part payment on the account within three years prior to April 1, 1953, such payment can extend the commencement of the running of the three year period from the date when it was made. However, for such payment to extend the commencement of the three year period, you must find that it was made under such circumstances as to show an intentional acknowledgment by the debtor of his liability for the whole debt as of the date of payment."

Defendant took no exception to this instruction, and, as to him, it became the law of the case. Under this instruction, the jury, in order to return a verdict for plaintiff, had to find that the $3,500 payment had been made

" . . . . under such circumstances as to show an intentional acknowledgment by the debtor of his liability for the whole debt as of the date of payment."

Defendant now argues that the action should be dismissed, *as a matter of law*, because it is barred by the statutes of limitations, and states in his brief:

. . "That principle is simply that there must be an acknowledgment of the amount owing by the debtor and a promise to pay it. Such acknowledgment and promise cannot be assumed from . the fact of part payment standing alone.".

■■ Assuming without deciding that it is necessary for the part payment to be made under circumstances showing an intentional acknowledgment by the debtor of his liability for the whole debt, the question defendant is really presenting to us is much narrower than he suggests. He is really urging this court to find that there is no evidence to support the jury's conclusion that the part payment *was* made under the alleged requisite circumstances. This we cannot do for two reasons: First, because there is conflicting evidence which presents defendant's contention under his theory of the case; and second, because defendant's theory became the law of the case under the quoted instruction.

In order that our decision upon this point is not misunderstood, we notice that the numerous decisions defendant has called to our attention, in support of his contention, are distinguishable. In each of these cases (of which *Arthur & Co. v. Burke*, 83 Wash. 690, 145 Pac. 974 (1915), is illustrative), the decision is based upon its own peculiar facts, consisting of: no payment, but merely credit notations made by the holder of the promissory note; or payment was made by one not authorized by the maker to make such payments; or the holder of the note sold collateral and applied it as a credit payment without the debtor's knowledge or permission.

Defendant urges that the court erred when it admitted in evidence six exhibits offered by plaintiff.

■■ The first two exhibits are summaries of the credits and debits of defendant's account. These compilations were

prepared by plaintiff's bookkeeper from office records and admitted for the limited purpose of illustrating his testimony and making more intelligible to the jury the records from which they were compiled. Defendant objected to their introduction on the ground that they were not the best evidence.

Their admission in evidence was not error. Where a fact or facts can be ascertained only by the inspection of numerous books and records, which are themselves proper evidence, and the jury cannot satisfactorily nor conveniently examine the same in court, a qualified person, who has perused the entire mass, may state the result of his examination and use a summary of it to illustrate his conclusion. *State v. Christiansen,* 98 Utah 278, 94 P. (2d) 472 (1939).

The rights of the opposing party are properly protected when the mass from which a summary is made is accessible to the opposing party, in order that he may inspect and test the correctness of the summary or use the material for cross-examination. See 4 Wigmore on Evidence (3d ed.) 434, § 1230 (1940).

The other four exhibits are files containing the office records from which the summaries were made. Defendant objected to their introduction on the ground that the files contained matter which could not be classified as business records. The files were admitted in evidence, subject to the right by defendant to object to any specific matters therein. A recess was held to afford defendant an opportunity to inspect them and do this. When the trial was resumed, defendant's counsel did not object to any particular record, but reiterated his objection to the four exhibits in their entirety.

When a portion of the evidence is admissible, the objection must be made to that portion which is inadmissible or the objection is of no avail. *Shandrow v. Tacoma,* 192 Wash. 329, 73 P. (2d) 733 (1937). Defendant's objection to the introduction of these four exhibits was not sufficiently specific.

The assignment of error—that the trial court erred in

granting plaintiff a jury trial—was waived by defendant's counsel in oral argument in this court. We do not consider it.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

[1]Reported in 290 P. (2d) 981.