LAND DEVELOPMENT, INC., an Alaskan Corporation, Appellant,

v.

Vernie L. PADGETT and Betty L. Padgett, Appellees.

No. 144.

Supreme Court of Alaska.

March 23, 1962.

John P. Irvine, Irvine, Clark & Savage, Anchorage, for appellant.

Peter B. Walton, Connolly & Walton, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The only question here is whether the law will enforce, strictly in accordance with its terms, a typical forfeiture clause in a real estate sales contract.

In purchasing some real property the buyers[1] made a down payment and were given possession. They agreed to pay the seller[2] certain monthly installments of principal and interest until the balance of the purchase price was paid. In the meantime, the seller withheld the deed of conveyance. If the buyers defaulted as to any payments due, they were to lose everything: all payments made would be retained by seller "as liquidated damages and in the nature of rent and not as a penalty"; the seller would be released from all obligations to convey the property; and the buyers would be required to vacate the property and return it to the seller.

The contract was made in July 1956. In September 1959 the buyers were in default in the monthly payments due. At that time they had made total payments of principal and interest in the approximate sum of $9,500, leaving a balance due on the principal of $2,435.

Six months later the seller commenced this action to recover possession of the property. It also sought $10,000 damages for withholding possession and another $10,000 for loss of rents. The buyers admitted their default. But they protested the forfeiture of what they termed a "substantial equitable interest" in the property acquired by reason of payments they had made.

The court refused to allow the complete forfeiture sought by the seller. Instead, it provided that the buyers' rights would be forfeited only if they failed to pay accrued interest within one week, and the principal balance of $2,435 within three months. If they met these conditions, then the seller was obliged to deliver its deed to the property. The seller has appealed claiming it was error to allow the buyers this opportunity to discharge the indebtedness and obtain title to the property.

We hold the trial court was justified in refusing to enforce literally the forfeiture provision of the contract. The buyers had been in possession of the property for more than three years prior to their default. They had paid approximately two-thirds of the total purchase price, including a substantial amount of interest. In these circumstances, enforcement of the forfeiture would be inequitable[3]; it would cause a loss to the buyers all out of proportion to any injury that might be sustained by the seller.[4] The latter's rights were fully protected; for if the buyers failed to pay the balance owing by the time specified in the judgment, then their interest in the property would be entirely forfeited and the seller would regain possession. All the court did was to allow the buyers a limited opportunity to salvage, if they could, a substantial interest in the property acquired by them during the three-year period. To refuse them this period of grace would not be in accord with principles of equity

1. The buyers are the appellees, Vernie and Betty Padgett.

2. Appellant, Land Development, Inc., is the assignee of the original sellers, but for purposes of convenience will be referred to as the "seller" in this opinion.

3. Dependabilt Homes v. White, 117 N.E.2d 706, 708 (Ohio Ct.App.1951).

4. DeGood v. Gettle, 119 Kan. 534, 240 P. 960, 961–962 (1925); State ex rel. Foley v. Superior Court, 57 Wash.2d 571, 358 P.2d 550, 552 (1961).

and justice.[5] The length of time allowed is a matter committed to the sound discretion of the trial court.[6] Considering the time that the buyers had been in possession and the amount of money they had paid prior to default, we do not find any abuse of discretion in the three-months period of redemption granted by the court below.

The judgment is affirmed.

5. State ex rel. Foley v. Superior Court, 358 P.2d 550, 552 (1961); Nelson v. Robinson. 184 Kan. 340, 336 P.2d 415, 420 (1959).

6. Henry Uihlein Realty Co. v. Downtown Development Corp., 9 Wis.2d 620, 101 N.W.2d 775, 779 (1960).