George H. THOMSON and Norma T. Thomson, Appellants,

v.

WHEELER CONSTRUCTION COMPANY, Inc., an Alaska Corporation, Appellee.

No. 272.

Supreme Court of Alaska.

Sept. 6, 1963.

Walter Sczudlo, Fairbanks, for appellants.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The defendant (appellee) built a home for plaintiffs (appellants) under a cost-plus contract. Plaintiffs brought this ac-

tion for damages in excess of $29,000 based on a theory of fraud. Defendant counterclaimed for $14,284.99—the difference between the total cost as billed by defendant ($42,633.84) and the amount that plaintiffs had paid on account ($28,348.85).

The trial judge determined that the allegation of fraud was not supported by the evidence, but found that there was a partial failure of performance on defendant's part and adjusted the amount of the counterclaim downward to $10,934.72. Plaintiffs have appealed, raising essentially 3 main issues: (1) the trial judge's finding that there was no proof of fraud; (2) the failure of the judge to shift the burden of proof to defendant to establish that it was fair in all its dealings and did not take advantage of plaintiffs; and (3) the failure of the judge to require defendant to support its counterclaim with original business records and an audit.

*Fraud*

The building contract was prepared by plaintiffs. It provided for reimbursement by them to defendant of costs necessarily incurred in the construction of plaintiffs' home, plus a fixed fee equal to 10% of costs. No maximum cost provision was included. Plaintiffs claim that they were induced to enter into the contract on the basis of defendant's fraudulent misrepresentation that the total costs would not exceed a fixed amount. In support of this claim, plaintiff George Thomson testified that Wheeler and Lopez, president and vice president respectively of the defendant corporation, assured him that the maximum cost of the house would not be over $30,000.

■ In order for plaintiffs to recover damages it was necessary for them to establish that defendant had made a fraudulent misrepresentation of fact for the pur-

pose of inducing plaintiffs, in justifiable reliance on the misrepresentation, to enter into the building contract.[1] What was allegedly stated to plaintiffs by Wheeler and Lopez as to the maximum cost does not establish fraud; for there is no evidence that such statement was made with the knowledge or belief that the total cost would exceed $30,000, or that it was made carelessly without reasonable ground for believing it to be true, or that it was made with the intent to induce plaintiffs to prepare and execute a contract which contained no maximum cost provision.[2] Nor is there any evidence to support plaintiffs' claim that they were induced to enter into the contract by the alleged misrepresentation. When asked why he had not placed in the contract a provision that the cost would not exceed $30,000, Thomson gave the unsatisfactory reply "Because it is a cost-plus contract". And then later he admitted that it was his intent that the contract contain the entire agreement between the parties. In the light of this testimony, plaintiffs' actions in preparing and entering into a contract without a limitation as to cost are totally incompatible with any inference that they were induced to do so by any misrepresentation on defendant's part.[3]

■ The trial judge was correct in finding that the allegation of fraud was not supported by the evidence. But we consider it advisable to point out that he misstated the law when, in a memorandum opinion, he held that when one is induced to enter into a contract through fraud his only escape is to rescind the contract. Relief in these circumstances is not limited to rescission. The party defrauded has the option—which plaintiffs chose to exercise—of affirming the contract and seeking damages resulting from the fraudulent misrepresentation.[4]

1. Gonsalves v. Hodgson, 38 Cal.2d 91, 237 P.2d 656, 662 (1951); 3 Restatement, Torts § 525 (1938).

2. Gonsalves v. Hodgson, supra note 1; 3 Restatement, Torts §§ 526, 531 (1938).

3. 3 Restatement, Torts § 546 (1938).

4. United States v. Oregon Lumber Co., 260 U.S. 290, 295, 43 S.Ct. 100, 101, 67 L.Ed. 261, 268 (1922); 5 Williston, Contracts § 1523, at 4264 (rev. ed. 1937).

## Burden of Proof

Plaintiffs argue that a trust relationship was created because they were necessarily compelled to trust and repose confidence in defendant as the building contractor; that defendant betrayed this trust by poor workmanship, excessive costs, delays, and general mismanagement; and that defendant therefore must assume the burden of proof that it had taken no unfair advantage of plaintiffs.

■ This argument is without merit because a trust relationship did not exist. A trust is a fiduciary relationship with respect to property, subjecting the person who holds title to the property to equitable duties to deal with it for the benefit of another person.[5] There was no trust property here since title to the building which defendant constructed was not held in trust by it for the plaintiffs. Instead, under the express terms of the contract, title to all work completed and in the course of construction was in the plaintiffs. Defendant had merely a contract duty which does not give rise to the fiduciary relationship essential for the existence of a trust.[6]

## Proof of Building Costs

Defendant established the costs for constructing plaintiffs' home through the testimony of Alfred Whithers, who was engaged in the business of accounting, bookkeeping and tax services. Whithers testified that he had examined in detail the defendant's books and records (which were contained in boxes in the court room at the time); that he had audited the records and determined the total charges by inspection of every invoice charged to plaintiffs' contract; and that he had prepared a written summary of his findings developed from the audit. This summary of account, which showed that plaintiffs owed the amount alleged in defendant's counterclaim, was offered and received in evidence as an exhibit.

■ Plaintiffs contend that admission of the summary was error. They assign a number of reasons, but essentially base their argument on the ground that the original cost records were not placed in evidence, in violation of the best evidence rule.

We perceive no error. Whithers testified that because of the amount of records and the manner in which they had been kept, it was time-consuming to review them. To have required defendant to prove each original document would have been unduly burdensome to the court and would have unreasonably prolonged the trial of the case. In these circumstances it was within the proper exercise of the trial judge's discretion to permit a qualified person such as Whithers, who had examined in detail the entire mass of records, to state the result of his examination and use a summary to illustrate his conclusions. Plaintiffs' rights were properly protected since they had access to the original records had they wished to inspect them and test the correctness of the summary.[7]

■ Plaintiffs also specify as error the failure of the trial court to allow certain items of damages resulting from defendant's alleged inefficient administration and job supervision, poor workmanship, lack of financial responsibility, waste and unfair cost allocations. This point was not briefed in accordance with Supreme Court Rule 11(a) (8) and therefore we shall not consider it.[8]

5. Restatement (Second), Trusts § 2 (1959).

6. Gonsalves v. Hodgson, 38 Cal.2d 91, 237 P.2d 656, 660–661 (1951).

7. Keen v. O'Rourke, 48 Wash.2d 1, 290 P. 2d 976, 978 (1955); Keller v. Porta, 172 Pa.Super. 651, 94 A.2d 140, 142–143 (1953); 4 Wigmore, Evidence § 1230 (3d ed.1940).

8. Veal v. Newlin, Inc., Opinion No. 53, 367 P.2d 155, 156 (Alaska 1961); Pollastrine v. Severance, Opinion No. 108, 375 P.2d 528, 531 (Alaska 1962); DeArmond v. Alaska State Development Corp., Opinion No. 116, 376 P.2d 717, 725 (Alaska 1962).

At the beginning of the trial counsel entered into the following stipulation:

"In order to facilitate the trial set in this cause, and to shorten the time that would be involved, it is hereby stipulated and agreed by the parties hereto, by their respective counsel, that the evidence in this cause, both oral and written, as well as any depositions, shall be introduced and no objection raised thereto, as long as such evidence bears on the issues involved in this cause, and shall be accepted by the Court, subject, however, to objection and motion to strike made by respective counsel at the termination of the trial."

We strongly disapprove of such an agreement. In administering the rules of evidence it is a cardinal precept that if one has an objection to the introduction of evidence he must voice his objection promptly, and that if he fails to do so the objection is waived.[9] The purpose of this requirement is to facilitate the administration of justice by permitting the trial judge to obviate any error that might otherwise occur if no objection were made, by permitting him to correct at the earliest possible time any error that may have occurred, and by allowing the adverse party the opportunity to remedy, if possible, any defect in his method of proof. These objectives are thwarted by the type of stipulation entered into in this case. If at the end of the trial the judge grants a motion to strike certain testimony or other evidence, and thus belatedly rules upon an objection that ought to have been made during the trial, there is little or no opportunity, short of granting a new trial, for the judge to correct an error that might have taken place in admitting such evidence, or for the adverse party to make his proof by some other method.[10] Such a practice is totally incompatible with the orderly type of trial contemplated by the rules of practice and procedure made and promulgated by this court. These rules may not be stipulated away or nullified by any agreement between the parties to litigation, even when such an agreement is acquiesced in by the trial judge.[11]

The judgment is affirmed.

9. Jefferson v. City of Anchorage, Opinion No. 101, 374 P.2d 241, 242–243 (Alaska 1962); Rank v. State, Opinion No. 92, 373 P.2d 734, 738 (Alaska 1962); Reiten v. Hendricks, Opinion No. 68, 370 P.2d 166, 169 (Alaska 1962).

10. At the end of the trial in this case the judge granted defendant's motion to strike all of plaintiffs' testimony regarding the maximum construction cost of $30,000. The ground for the motion was that this testimony would vary the terms of the written contract and therefore was barred by the parol evidence rule. Although this point is argued in appellant's brief, we find it unnecessary to pass upon it since we have held that even considering such parol evidence there was no proof of fraud.

11. See Vogt v. Winbauer, Opinion No. 117, 376 P.2d 1007, 1009 (Alaska 1962); Bardill v. Bird Well Surveys, Inc., 310 S.W. 2d 265, 266 (Ky.1958).