L. C. GILMORE, *Executor, et al.*, v. J. A. GILMORE AND E. E. GILMORE, *Administrators, et al.*

**No. 11223.**

1. CONVEYANCE—*Contract Construed.* A written agreement between the parties examined, and held that by its terms a sale of real estate was made presently operative.

2. ———— *Equitable Conversion of Realty into Personalty.* Such contract works an equitable conversion of the land into personalty from the time of its execution. The purchase-money becomes a part of the vendor's personal estate, and, as such, distributable upon his death to his widow and next-of-kin.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed June 10, 1899. Affirmed.

STATEMENT.

THE following written agreement was made:

"PAOLA, KAN., February 19, 1892.

"ARTICLE OF AGREEMENT entered into by and between L. C. Gilmore, agent of Ephraim Gilmore, and A. Strausbaugh, of Miami county, Kansas, whereby said agent has sold to A. Strausbaugh one certain tract of land now owned by E. Gilmore and known

as the southeast·quarter of section 31, township 17, range 23, situated in Miami county, Kansas, consisting of 160 acres, more or less, for the sum of $5250, of which $500 is to be cash in hand and the balance in notes for the following amounts, viz., four notes for $500 each, one note for $750, and two notes for $1000 each, respectively, said first note to be dated February 22, 1892, and to mature March 1, 1893, and one of said notes will mature on March 1 of each year thereafter, to be payable on or before said maturity at option of purchaser, and to draw eight per cent. interest from date ; said deed made for said land by E. Gilmore and wife to A. Strausbaugh to be held by the National Bank of Paola in escrow, together with said mortgage and notes executed by said Strausbaugh for said land, until said notes be reduced to a total of $3750, when said deed shall be delivered to said A. Strausbaugh ; and said mortgage, which is also to be held by said bank, shall at the time of delivery of said deed be placed on record ; during which period said Strausbaugh shall not encumber said premises in any way or manner.

L. C. GILMORE,
*Agent for E. Gilmore.*
A. STRAUSBAUGH.''

Pursuant to the contract, E. Gilmore and wife duly executed a deed conveying said land to Strausbaugh, and the latter and wife signed and executed the notes and mortgage provided for in the agreement, and all were deposited in escrow with the National Bank of Paola. The $500 cash payment was.made by Strausbaugh, and he went into possession of the land in March, 1892. He made no further payments except $165.38 on December 30, 1893, and $198.90 on January 4, 1894. E. Gilmore died intestate April 13, 1892, leaving several heirs, and Juliann Gilmore, his widow. John A Gilmore and E. E. Gilmore were administrators of said estate at the time this suit was begun. Juliann Gilmore died testate December 26, 1895. On

June 7, 1895, she purchased from Strausbaugh and wife all the interest they had in the land, and other fractional interests from some of the heirs of her husband. Strausbaugh and wife deeded by quitclaim to Mrs. Gilmore, at once becoming her tenant under a lease to her, and paid her rent.

The notes, mortgage and deed placed in escrow with the bank were never delivered. This suit was begun June 4, 1895. The amended petition sets up the contract, notes, mortgage, and deed, and prays judgment against Anthony Strausbaugh and wife for $4750 and interest, and that the same be decreed a first lien on the land. Judgment was rendered in the court below in accordance with the prayer of the petition.

*Snoddy & Snoddy*, for plaintiffs in error.

*F. M. Sheridan, J. G. Johnson*, and *Sperry Baker*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : It is not necessary, in determining this case, to question the rule that instruments such as deeds, mortgages, etc., placed in escrow to await the performances of conditions precedent to delivery, do not take effect until such conditions are complied with. The agreement set out in the statement is a contract of sale. It expressly states that E. Gilmore has sold to A. Strausbaugh the land described for the sum of $5250, to be paid in the instalments mentioned. It further provides that Strausbaugh shall not encumber the premises in any manner. A reasonable construction of the language employed by the parties forces the conclusion that a present sale of the property was intended. To say that the intention was to give Strausbaugh a mere option of purchase, and

that he took no title, would require the rejection of
language used in the contract, and a substitution there-
for of words of different meaning.  The contract does
not contain a condition that no title shall pass to the
grantee until the delivery of the deed, the language
used being at variance with this construction.  Upon
the performance of the conditions of payment, a deed
containing covenants of warranty was to be delivered
to the grantee, conveying to him the legal title, where-
as, under the contract, he was the equitable owner.
(*Jones v. Hollister*, 51 Kan. 310, 32 Pac. 1115.)

"It seems to be well settled that when articles of
agreement are entered into for the sale and purchase
of land, the purchaser is considered the owner in
equity of the land, subject to the payment of the pur-
chase-money ; he is regarded as trustee of the purchase-
money for the vendor, and the vendor is treated as a
trustee for the purchaser of the legal title, having no
interest in the land beyond the amount of the purchase-
money due.  It does not seem to be necessary to pro-
duce this effect, that any part of the purchase-money
should be paid ; it results from the contract." (*Liter,
James & Co.'s Appeal*, 26 Pa. St. 178.)  See *Miller's
Administrator v. Miller*, 25 N. J. Eq. 354.

The amount of the consideration to be paid was
stipulated in the agreement, and Strausbaugh was to
have time to pay a large portion of the same, as evi-
denced by the notes.  The provision relating to the
deferred payments secured by the mortgage was for
the benefit of Strausbaugh.  He could not divest him-
self of the equitable title conveyed by the agreement
by making default in payment.  He still held such
title thereafter, subject to the lien of Gilmore for the
purchase-money.  This being the state of the title, the
administrators of Gilmore were proper parties plain-
tiff in the suit.  "A contract for the sale of real estate ·

39—60 KAN.

works an equitable conversion of the land into personalty from the time when it was made, and the purchase-money becomes, thereupon, a part of the vendor's personal estate, and, as such, distributable, upon his death, to his widow and next-of-kin. (*Miller v. Miller*, supra.)

The action of Juliann Gilmore in taking a deed from Strausbaugh after the death of her husband is not material. It merely showed her construction of the legal effect of the contract.

There being a sale of the property to Strausbaugh at the date of the delivery of the contract, followed by possession, it would be inequitable for him to occupy the land, make default in payment of the notes in escrow; and then say that the grantor could not recover on the notes which evidenced the amount he was to pay. The conditions and terms of the notes and mortgage must, under the circumstances of the case, be considered as part of the contract of sale.

The judgment of the district court will be affirmed.