No. 29,329.

Orville Johnson and David Johnson, Minors, by their Mother and Next Friend, Mrs. Viola Johnson, et al., *Appellants*, v. P. W. Kroeker, *Appellee.*

(287 Pac. 241.)

Opinion filed May 3, 1930.

*A. L. Oswald* and *John Fontron,* both of Hutchinson, for the appellants.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by the heirs of the vendee of land in possession, under a contract of sale, to recover from the vendor oil-lease money and oil-lease rent money received by the vendor under his contract with the lessee. A demurrer to the petition was sustained, and plaintiffs appeal.

Kroeker sold the land to Buford Johnson under a contract providing for conveyance when the terms of sale were fully performed by the vendee. The contract provided that in case the terms of sale were not performed the sums paid by the vendee should be deemed to be rent paid, the vendee should surrender possession, and the vendor should be released from obligation to convey. The vendor reserved one-sixteenth of all oil, gas and other minerals embraced in the land. Kroeker executed an oil lease, standard form 88, to the lessee, who paid $160 for the lease, and afterward paid $160 as rental. Johnson died, and his heirs sued for one-half of each payment made to Kroeker by the lessee.

Plaintiffs contend Johnson became equitable owner of the land, Kroeker became trustee of the land for the purchaser, and Kroeker had no interest in the land beyond payment of the purchase money.

The contention is unsound. It is based on language used in the opinion in the case of *Gilmore v. Gilmore*, 60 Kan. 606, 57 Pac. 505. The contract in the Gilmore case was one of sale presently operative, did not withhold title until performance by the vendee, and did not provide for surrender of possession in case of nonperformance by the vendee. This distinction was pointed out in the opinion in the Gilmore case and in the opinion in the case of *Pickens v. Campbell*, 104 Kan. 425, 428, 179 Pac. 343, which was approved in the opinion in the case of *Kansas Power Co. v. Smith County Comm'rs*, 122 Kan. 252, 255, 251 Pac. 1114. Kroeker's interest in the land continued to be real estate, and Johnson's interest did not extend to ownership, legal or equitable.

Suppose Johnson were equitable owner of the land. The money sued for did not arise out of the land. It was paid to Kroeker pursuant to his personal contract with the lessee, which created a privilege only, and no estate in the land. Johnson was not a privy to the contract, either as party or beneficiary. No interest of his could be affected until the lessee undertook to do something on the land, and the petition did not allege that the lessee entered or attempted to enter.

The petition alleged that Kroeker promised to pay Johnson half of the money obtained from the lessee. Plaintiffs undertake to derive consideration for the promise from the contract relation between Kroeker and Johnson. From the foregoing analysis it is plain those relations constituted no consideration for the pleaded promise. Plaintiffs also pleaded that Kroeker acknowledged liability. The demurrer to the petition denied liability, and a mere acknowledgment could have no more potency than a promise unsupported by consideration.

The judgment of the district court is affirmed.