(566 P.2d 29)

No. 48,182

Ray E. Frisbie, Executor of the Estate of Goldie I. Hastings, Deceased, *Appellee*, v. Director of Taxation For The Department of Revenue of The State of Kansas, *Appellant.*

Opinion filed July 1, 1977.

*Nancy L. Suelter* and *Benjamin J. Neill,* of Topeka, for the appellant.

*Phillip S. Frick,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for the appellee.

Before Spencer, P.J., Abbott and Swinehart, JJ.

Abbott, J.: The director of taxation appeals to this court from a judgment of the district court holding a nonresident decedent's interest in a contract for the sale of Kansas real estate entered into by the decedent prior to her death to be personal property and therefore not subject to Kansas inheritance tax.

During her lifetime, the decedent, Goldie I. Hastings, and Ray E. Frisbie (also the appellee herein as executor of Goldie I. Hastings' estate) entered into a real estate sales contract whereby the decedent agreed to sell and Frisbie agreed to purchase 1,120 acres of land situated in Rawlins County, Kansas. The real estate contract was dated May 28, 1965. The contract and a deed to Frisbie's family corporation were placed in escrow. Possession was given to Frisbie, who paid the real estate taxes on the property and who paid principal and interest on the contract as they became due.

On August 27, 1972, Goldie I. Hastings died a resident of Laramie County, Colorado. An estate was opened in Laramie County, Colorado, and, through her estate in Colorado, a federal estate tax return and a Colorado inheritance tax return were filed. On the date of Goldie I. Hastings' death, $75,400 remained due and owing on the contract principal. Goldie I. Hastings' interest in the contract to sell real estate was listed as personal property on both the federal and Colorado state returns.

A nonresident inheritance tax form 12-T was timely filed in the state of Kansas. The form 12-T did not include decedent's contractual interest in the property. The contractual interest was reflected on the federal estate tax return, form 706, accompanying the form 12-T, and the Kansas Department of Revenue requested a copy of the real estate contract to determine the interest held by Goldie I. Hastings at the time of her death.

The Kansas Department of Revenue issued an order on August 30, 1973, determining that the interest of the decedent in the contract should be taxed as *real estate* at the value of $75,759.60. The inheritance tax determined to be due in Kansas was paid. A petition for abatement was filed with the director of taxation. The petition for abatement was subsequently denied.

A notice of appeal was then filed with the Board of Tax Appeals and a hearing was held. On December 20, 1974, the Board of Tax Appeals entered its order upholding the director's right to tax the decedent's interest in the contract as *real estate* but reversing the director as to the method of valuation of the decedent's interest in the contract.

Appellee timely filed his notice of appeal in the district court of Rawlins County, Kansas, and the case was set and argued. The district court found the decedent's interest in the contract to be personal property and therefore not subject to inheritance tax in Kansas. This appeal followed.

K.S.A. 79-1501e provides in pertinent part that the inheritance tax imposed on personal property of nonresidents shall not be payable if the laws of the state of residence of the decedent at the time of death contain a reciprocal provision providing that nonresidents of that state were also exempt from payment of inheritance tax on personal property situated outside the state of the decedent's residence. K.S.A. 79-1501e further provides that this exemption shall apply only if such property has been submitted

for taxation in the state of the decedent's residence. The decedent's interest in the contract in question was submitted for taxation to the Colorado taxing authorities. Colorado has a reciprocal statute (Colo. Rev. Stat. 1963, 138-3-6; now Colo. Rev. Stat. 1976 Supp. 39-23-104).

Whether the interest in the contract is subject to Kansas inheritance tax then depends upon the interest held by Goldie I. Hastings on the date of her death. If Goldie I. Hastings, as a nonresident decedent, held an interest in Kansas real property which passed by her death, the interest is subject to Kansas inheritance tax. Conversely, if the nonresident decedent retained a mere contract right to the purchase money, it is personal property and is subject to inheritance tax in the domiciliary state and is excluded from taxation in the state of Kansas by the provisions of K.S.A. 79-1501e.

No factual dispute exists. The case was submitted to the trial court on an agreed statement of facts. The director of taxation contends that the interest is a real property interest. The director readily concedes that by necessity he must rely on two premises to prevent the doctrine of equitable conversion from applying and converting the interest to personal property, to wit: (1) Because the real estate contract provides in part "that time shall be of the essence," and this provision precludes applying the doctrine of equitable conversion, and (2) because the doctrine of equitable conversion is equitable in nature it cannot be applied to matters of taxation which are purely statutory.

The real estate contract provided:

"It is agreed that time shall be the essence of this agreement and in event that second party, his heirs or assigns should fail to make the payments or to keep and perform any of the provisions of this agreement, then and in that event first party at her option may terminate this agreement by giving second party, his heirs or assigns sixty (60) days notice in writing of her intention so to terminate this agreement and if the defaults stated in the notice be not removed within the time given in the notice then first party may terminate this agreement and retain the payments made as liquidated damages."

The contract was current at the time of Goldie I. Hastings' death. The deed had been placed in escrow, all payments required by the contract, including the real estate taxes, had been made by the purchaser, and some thirty-six percent of the purchase price had been paid.

Our Supreme Court filed its opinion captioned *In re Estate of*

*Hills,* 222 Kan. 231, 564 P.2d 462. The ultimate question in the *Hills* case is identical to the question in this case. In *Hills,* Mr. Hills made a will, to which Mrs. Hills consented, leaving all of his personal property to Mrs. Hills and his real estate to Mrs. Hills for life with the remainder to a nephew. The Hills later entered into a contract to sell the real estate to a third party. As in this case, a deed was placed in escrow, possession was given to the purchaser, real estate taxes and all other payments called for by the agreement were made. Neither the contract nor deed was recorded, and all terms of the contract had been complied with as of the date of Mr. Hills' death. Over one-fourth of the purchase price had been paid prior to Hills' death. The executor classified the decedent's interest in the contract as personal property in the decedent's estate.

The district court found the provisions in the Hills contract, (1) that "time is of the essence of this agreement," and (2) that the buyers shall be considered as tenants in possession under a contract of purchase until such time as they have fully paid the consideration, as controlling in finding the interest should be "designated as real property . . ." The Supreme Court reversed the trial court, holding the interest in the contract to be personal property.

The "time is of the essence" provision in *Hills,* supra, is nearly identical to the one in this case. The contract in the case at hand does not specifically provide that the purchaser be considered a tenant or that the seller intended to retain legal title as does the Hills contract. The only distinction that can be made between this case and *Hills,* supra, is in the amount, or percentage, of the original down payment. In *Hills,* a twenty-five percent down payment was made on the contract. In this case, less than one percent was paid initially. However, thirty-six percent of the purchase price had been paid prior to the death of Goldie I. Hastings. When a small down payment is made on a contract for the purchase of real estate, as opposed to a substantial down payment, and when the payments called for in the contract have been made for such a length of time that their aggregate amount constitutes the equivalent of a substantial down payment on the purchase price, equitable principles will be applied and the payments will be construed to meet the requirements of a "substantial down payment" as construed in *Hills,* supra, and *In re*

*Estate of Snyder,* 199 Kan. 487, 430 P.2d 212. (*Stevens v. McDowell,* 151 Kan. 316, 98 P.2d 410; and *DeGood v. Gettle,* 119 Kan. 534, 240 Pac. 960.)

We find the facts in this case to be controlled by the *Hills,* supra, decision. For the reasons set forth in *Hills,* the contract for the sale of real estate worked an equitable conversion of the land into personalty prior to the death of the nonresident vendor. The interest of the nonresident decedent in the contract of sale is exempt as personalty from taxation in the state of Kansas by the provisions of K.S.A. 79-1501e when the conditions imposed by that statute are otherwise present.

Appellant argues that equitable conversion should not be applied to tax matters. Our legislature granted an exemption for personal property of a nonresident decedent when the domiciliary state has a reciprocal provision in its law and when the personal property is subjected or submitted for purposes of taxation in the state of the decedent's residence (K.S.A. 79-1501e). The statute does not define what constitutes personal property and certainly contains no language that would in any manner indicate the legislature intended to tax any interest inconsistent with the doctrine of equitable conversion.

It is of interest to note that M. C. Lempenau, who for many years was chief of the Inheritance Tax Division, Kansas Department of Revenue, in her book, "Kansas Legacies & Successions Tax Review," p. 44, stated:

"Land sold under contract and oil and gas leases or royalties are classified legally as *personal property,* but should be described in inheritance tax findings to prevent raising of the question of inheritance tax lien, because orders issued by the Director report personal assets in a lump amount. For this reason it is recommended that these assets be fully described and valued under the real estate heading, to avoid future questioning of title by land purchasers or oil companies." (Emphasis supplied.)

The doctrine of equitable conversion is applicable to K.S.A. 79-1501e, and the interest of the nonresident decedent in the contract of sale is not subject to Kansas inheritance tax under the facts of this case.

Affirmed.