**In re Patricia Jean HAWKINS, Debtor.**

**Bankruptcy No. 80–00836.**

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

Dec. 4, 1981.

Brian M. McCormack, Dunn, McCormack & Fourqurean, Fairfax, Va., for debtor.

Robert O. Tyler, Alexandria, Va., trustee in bankruptcy.

Patricia Jean Hawkins, Washington, D. C., debtor.

### MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

Patricia Jean Hawkins, the debtor, filed a petition for voluntary relief on August 1, 1980. At the date of filing she had resided in the District of Columbia for approximately two months. However, for the greater portion of the 180-day period imme-

---

diately prior to the filing she had resided in the Commonwealth of Virginia, within this district, and, therefore, pursuant to the provisions of 28 U.S.C. § 1472 was required to file her petition in this Court.

In Schedule B–4 of her petition, the debtor claimed the federal exemptions listed under Section 522(d) of the Bankruptcy Code [1], 11 U.S.C. § 522(d). She did not file, or attempt to claim, a Homestead Deed under Section 34–4 and related sections of the Code of Virginia.

The trustee, in effect, argues that the debtor is not entitled to any exemptions since she is not a resident of the District of Columbia for purposes of the Bankruptcy Code and has failed to follow the required procedure under Virginia law to obtain the Virginia exemptions. Virginia law requires the recording of a Homestead Deed in the land records of the appropriate jurisdiction on or before the date of the filing of the petition [2].

The federal exemption is not available to Virginia residents [3]. The state exemption granted to a Virginia resident requires that the debtor be a resident of the state (Va. Code § 34–4 (Supp.1981)) and any exemption entitlement ceases when such resident removes himself from this state (Va.Code § 34–24 (Supp.1981)).

The operative effect of the Virginia legislation, coupled with the 180-day domiciliary requirement of 11 U.S.C. § 522(b) would appear to have the effect of denying the debtor the right to any exemptions.

Such a result, however, would be in direct conflict with the avowed intent of Congress to grant the debtor a fresh start, a concept which is deeply interwoven into the warp and woof of the current law.

More specifically as to exemptions, it must also be noted that in examining the current status while formulating the exemption section, Congress was deeply con-

cerned that the law be adequate to serve the needs of debtors as well as provide them with a fresh start. H.R.Rep.No.595, 95th Cong., 1st Sess. 126 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5963, 6087.

Turning to a careful examination of the statute itself, we find that 11 U.S.C. § 522(b) *cited supra* states in pertinent part:

[A]n individual debtor may exempt . . .

(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor* under paragraph (2)(A) of this subsection does not so authorize; or, in the alternative,. . . . (Emphasis supplied.)

As indicated above, the Virginia legislation as to residency and entitlement to exemptions is clear in that it not only requires that the debtor be a resident of the state, Va.Code § 34–4 (Supp.1981), but removes from the debtor any exemption rights upon his removal from the state, Va.Code § 34–24 (Supp.1981). Therefore, the Virginia state law of exemptions is no longer applicable to the debtor. This, coupled with the certainty of congressional intent that the debtor have exemptions to enable a fresh start, permits only one conclusion, that the debtor under the circumstances of the instant case is entitled to federal exemptions under the alternative provisions of 11 U.S.C. § 522(b). 3 *Collier on Bankruptcy,* ¶ 522.06, at page 522–24 (15th Ed.).

For the foregoing reasons, the federal exemptions claimed by the debtor will be allowed.

---

**1.** 11 U.S.C. § 522(b)(1) and (2) grant the debtor an option of either the specified federal exemptions or exemptions available under state law, providing the state law has not prohibited such option.

**2.** Va.Code § 34–17 (Supp.1981).

**3.** The Commonwealth of Virginia has by legislative action "opted out" of the federal exemptions. Va.Code § 34–3.1 (Supp.1981).