**In re Ralph Gregory CHAFFINS, Debtor.**

**In re Laura ARSCOTT, a/k/a Laura Arscott Hopkins, a/k/a Laura Arscott Chaffins, Debtor.**

**Bankruptcy Nos. 81–00651–A, 81–00652–A.**

United States Bankruptcy Court, E. D. Virginia, Alexandria Division.

Jan. 7, 1982.

Richard A. Rogers, Jr., David H. Moyes, Falls Church, Va., for debtors.

Roy B. Zimmerman, Alexandria, Va., Trustee in Bankruptcy, for debtor.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

The facts of the above cases are identical and they will be considered together in the resolution of the issue before the Court.

The parties were residing together in Virginia on May 17, 1981 and, on that day, all of their furniture and furnishings were shipped to Florida. On May 29, 1981, a Homestead Deed was filed in Arlington County for each of the parties. Thereafter, on the 3rd day of June, 1981, they departed for Florida arriving that same day.

On or about the 3rd day of June, 1981, their attorney filed separate petitions in bankruptcy for the debtors in this Court.

The items and amounts claimed under the Homestead Deed for each debtor are properly exempted and available to the respective debtors under the relevant section of the Virginia Code [1].

The exemptions claimed also fall within those allowed under 11 U.S.C. § 522(d) but are prohibited to residents of Virginia by Act of the Virginia legislature. (Va.Code § 34–3.1 (Supp.1981).) The Virginia statutes further provide that upon removal from the state any exemptions are no longer available. (Va.Code § 34–24 (Supp. 1981).)

It would appear that in the instant cases the debtors were still residents at the time of the filing of their Homestead Deeds and that they should be allowed the exemptions. However, assuming for the purposes of discussion that they were no longer residents then the ruling of this Court in *In re Hawkins*, 15 B.R. 618 (Bkrtcy.E.D.Va., A.D., 1981) would be applicable and they would be entitled to claim the federal exemptions of 11 U.S.C. § 522(d). As has been previously stated, all claimed exemptions of the

---

1. Va.Code § 34–4, *et seq.* (Supp.1981).

debtors fall within the purview of the exemptions available under 11 U.S.C. § 522(d).

Accordingly, the exemptions claimed by the debtors will be allowed.

An appropriate Order will enter.