**In re Thomas Jack VOLK and Margie Carole Volk, Debtors.**

**Bankruptcy No. 581–00144.**

United States Bankruptcy Court,
D. South Dakota.

Jan. 11, 1983.

Robert A. Warder, Hill City, S.D., for debtors.

John M. Fousek, Groves & Fousek, Rapid City, S.D., trustee, pro se.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

The trustee filed an objection to Debtors' claim of exempt homestead property. The basis of the objection was the trustee's belief that the debtors' homestead property located in Gillette, Wyoming, could not be claimed under the South Dakota exemption statutes. Pursuant to the application of the debtors, the objection came on for hearing on March 24, 1982, before the undersigned Bankruptcy Judge. The facts are uncontroverted.

Thomas Jack Volk and Margie Carole Volk, the debtors, filed a joint petition for voluntary relief on December 4, 1981. For the longer portion of the 180-day period immediately prior to filing, the debtors were domiciled within this District of South Dakota, and, therefore, pursuant to the provisions of 28 U.S.C. § 1472, were required to file their petition in this district. However, prior to the date of filing, Debtors had ceased doing business in South Dakota and were residing in the State of Wyoming.

In Schedule B–4 of the petition, the debtors claimed personal and real property exempt under the laws of the State of South Dakota because the federal exemption is not available to South Dakota residents.[1] The debtors claimed a homestead exemption under Sections 43–31–1 and 43–31–2 of the South Dakota Code. South Dakota Codified Laws §§ 43–31–1 and 43–31–2 (Supp.1980).

The trustee argues, in effect, that although the debtors are required by the Bankruptcy Code to file their petition in the District of South Dakota, and in spite of the fact that the debtors claimed the exemp-

---

1. South Dakota opted out of the federal exemp-    tions. *See* S.D.C.L. 43–45–13 (Supp.1980).

tions under the South Dakota Code because the federal exemptions are not available, the debtors are foreclosed from claiming any homestead exemption because the property is located outside of South Dakota. The trustee suggests that allowing a debtor to claim a homestead exemption in property located outside the state of filing would encourage forum shopping.

■ The debtors claim that Congress has allowed the states "to violate or attempt to violate" the Equal Protection Clause of the 14 Amendment to the United States Constitution by allowing the states to opt out of the federal exemptions and determine the exemptions available to their citizens. Debtors further allege this is "manifestly unfair" and also violates Article IV, Section 2, the Privileges and Immunities Clause of the Constitution. However, neither of these issues have been argued by the debtors in their brief. The Court cannot rule that any statute is unconstitutional in the absence of proper pleadings, citations of authority, and arguments by the debtors. Absent a clear showing that a statute is unconstitutional, the Court must defer to the legislature and accept the constitutionality of the statute in question. *Schilb v. Kuebel,* 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971); *Home Telephone Co. v. Los Angeles,* 211 U.S. 265, 29 S.Ct. 50, 53 L.Ed. 176 (1908).

Despite that neither cogent argument nor citation of authority is offered by either party in their briefs, the Court accedes to Trustee's urging to "review the law" and render a decision. Counsel would do well in the future to remember that researching and reviewing the law is to be accomplished by counsel prior to filing briefs and is not to be the sole responsibility of the Court in the absence of any effort on counsel's part.

The issue before the Court is which exemption law is available when a case is filed in South Dakota but the debtors do not qualify for the exemptions provided under the South Dakota Code and are further prohibited by the South Dakota Code from claiming the federal exemptions.

Pursuant to 28 U.S.C. § 1472(1), venue of this matter is properly in this Court because the debtors resided in this district for a longer portion of the 180 days immediately preceding the commencement of this case on December 4, 1981, when the petition was filed. Debtors also operated a business located in this district from May, 1974, until November 13, 1981.

■ Having determined that venue is properly in this Court, it is now necessary to determine whether this Court has jurisdiction over the exempt property. 28 U.S.C. § 1471(e) conveys jurisdiction to the bankruptcy court over "all of the property, wherever located, of the debtor, as of the commencement of such case." The fact that Debtors' real property is located outside this district has no bearing on the determination of jurisdiction since the Court's jurisdiction extends to all of the debtors' property regardless of location. *See also* 1 *Collier on Bankruptcy* ¶ 3.01 (15th ed. 1982).

Any disputes over exempt property are governed by 11 U.S.C. § 522. The availability of exemptions is governed by Section 522(b) of the Bankruptcy Code. The liability of exempt property for certain debts and liens is provided at subsection (c); limitations on the enforceability of waivers of injunctions are specified at subsection (e). *A fortiori,* the bankruptcy court must have jurisdiction over exempt property to enforce the mandates of these provisions.

■ Having determined that this Court has jurisdiction over the property and the dispute, the question must be addressed as to which exemption statute is applicable. The Code allows the debtor to exempt property from the estate either as provided under Section 522(d) or, in the alternative, as provided under state law of the debtor's domicile. The location of the debtors' domicile during the longer portion of the 180-day period immediately preceding filing of the petition governs the determination of applicable state law. 11 U.S.C. § 522(b)(2)(A).

■ The evidence is clear that the debtors were domiciliaries of the State of South

Dakota from 1974 until the time of purchasing a home in Wyoming on September 25, 1981, or until closing the business in South Dakota on November 13, 1981. There is neither evidence nor argument addressing the exact date Debtors moved out of South Dakota with no intent to return. Whether the change of domicile occurred in September or November, the debtors' domicile for a greater portion of the 180 days prior to filing their petition was South Dakota, and the Bankruptcy Code makes South Dakota law applicable for the determination of exemptions.

The South Dakota Code restricts the availability of the personal property exemption statutes under S.D.C.L. 43–45 to residents and, further, to residents who are not in the act of removing with their families from the state.[2] S.D.C.L. 43–45–7. The real property or homestead exemption is also restricted to a resident of South Dakota.[3] S.D.C.L. 43–31–1 (Supp.1980). The South Dakota Code provides no definition of residency for the purpose of the exemption statutes. After an extensive analysis of state case law by this Court in *In re Wood*, it was held that a debtor, to qualify as a resident, is not required to live in South Dakota at the time of claiming the exemptions, but a debtor who has left the state must continue to consider himself as a South Dakota resident and intend to return to South Dakota to live. 8 B.R. 882 (1981). In the *Wood* case, the debtors moved temporarily to New Mexico for employment purposes but intended to return to South Dakota upon available employment. The claimed homestead property in South Dakota was the only real property owned by the debtors, and relatives were maintaining the homestead until the debtors could return to

the state they considered their permanent home.

The question of residency arises in the instant case because the debtors were not living in South Dakota when they filed the petition. The address of the debtors on the petition is 204 West Redwood Street, Gillette, Wyoming. This is the location of the property in which Debtors are claiming a homestead exemption. The debtors' business operations in South Dakota, Volk Brothers Electric Company, were terminated approximately two weeks prior to the bankruptcy filing. The debtor, Thomas Volk, is employed in Wyoming, and no evidence was presented that either debtor intended to return to South Dakota. The inescapable presumption is that the debtors have left South Dakota to establish permanent residence in the State of Wyoming. Therefore, the exemption statutes are not available to the debtors because they are not residents of this state.

The operative effect of the South Dakota exemption law, coupled with the 180-day domiciliary requirement of the Bankruptcy Code, would seem to have the effect of denying the debtors the right to the homestead exemption, as the trustee suggests, and also to deny the debtors the right to any exemption except for limited personal property exemptions which are made absolute and not restricted by statute to South Dakota residents.[4]

This is not the result intended by Congress in allowing the states to opt out of the federal exemption statutes and provide a schedule of exempt property by state statute. There can be no doubt that the "fresh start" philosophy of Congress provides the foundation upon which the ex-

---

**2.** S.D.C.L. 43–45–7 provides in part:

"Except those made absolute, the exemptions herein provided for must not be construed to apply to the following persons, namely:

(1) To a nonresident;

(2) To a debtor who is in the act of removing with his family from the state; ..."

**3.** S.D.C.L. 43–31–1 provides in part:

"The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a home-

stead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided in this code...."

**4.** The personal property absolutely exempt and not requiring residence of the debtor is limited to family pictures, a pew in a house of worship, burial lot, family bible and books not to exceed $200.00 in value, clothing, and food and fuel for one year. S.D.C.L. 43–45–2.

emption statutes were drafted. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 126 (1977), *reprinted in* (1978) U.S.Code Cong. & Ad.News 5787, 5963, 6087.

The controlling legislation of this case is 11 U.S.C. § 522(b). In pertinent part, the statute provides:

"(A)n individual debtor may exempt ...

(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor* under paragraph (2)(A) of this subsection does not so authorize; or, in the alternative, ..." (Emphasis added.)

The law of the state that is applicable to the debtors in this case prohibits residents of South Dakota from claiming the federal exemptions provided in Section 522(d) of the Bankruptcy Code.[5] S.D.C.L. 43–31–30 (Supp.1980). As decided above, the debtors are not residents of South Dakota entitled to claim the exemptions provided to residents by the South Dakota statutes. It then follows that the debtors are not residents for the purpose of the state's prohibiting the availability of the federal exemptions to its residents. South Dakota exemption law does not apply to the debtors. Therefore, pursuant to 28 U.S.C. § 1472, venue of this matter is properly in this Court, and, pursuant to the alternative provisions of 11 U.S.C. § 522(b)(1), the debtors are entitled to the federal exemptions under 11 U.S.C. § 522(d). All exemptions claimed by the debtors are within these federal exemptions.

This Memorandum Decision constitutes Findings of Fact and Conclusions of Law, and upon consideration of the foregoing, it is

ORDERED that the trustee's objection to the claimed exemptions be, and it is hereby, overruled.

---

5. By enacting S.D.C.L. 43–31–30, the South Dakota legislature has affirmatively opted out of the federal exemptions as follows:

"In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the state Constitution and the South Dakota statutes."