In re Otis Walter CAPPETTA, Debtor. (Two cases)

Otis Walter CAPPETTA, Plaintiff,

v.

HOUSEHOLD FINANCE COMPANY, and Crown Oil Company and Patrick R. Duley and Sears, Roebuck and Company and Citizens Bank and Trust Company and Southern Maryland Hospital and Antoinette M. Cappetta (Jarboe) Defendants.

Bankruptcy No. 82–00662–A.
Adv. No. 82–0330–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 17, 1983.

H. Jason Gold, for Debtor Smith, Butt & Gold, Alexandria, Va., for debtor.

Richard J. Stahl, Annandale, Va., Trustee in Bankruptcy.

Roy B. Zimmerman, Alexandria, Va., for defendant Cappetta (Jarboe).

Patrick R. Duley, Upper Marlboro, Md., for all other defendants.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The debtor herein filed a complaint to avoid seven liens which had attached to certain real property held by the debtor as a joint tenant with his former wife. The debtor claimed that the liens in question impaired the exemption of his interest in the property as declared by him in his Virginia Homestead Deed and in his bankruptcy schedules, and that said liens, therefore, should be avoided pursuant to Section 522(f) of the Bankruptcy Code.

Two of the seven named defendants filed answers. These defendants, Antoinette M. Jarboe, the former wife of the debtor, and Patrick R. Duley, an attorney who represented Mrs. Jarboe in her divorce action against the debtor, both alleged in their answers that the debts which had given rise to their liens were in the nature of alimony and thus not dischargeable in bankruptcy. See, 11 U.S.C. § 523(a)(5).

Subsequently, the Trustee in Bankruptcy filed an objection to the debtor's claim of exemption in the real estate[1]. The basis for the objection is that the debtor failed to file a copy of his Homestead Deed in the Maryland county in which the property is located as required by Virginia Code Section 34–6. Accordingly, the trustee argues that the claim of exemption is invalid.

Defendant Jarboe then filed an amended answer raising in this adversary proceeding the issue of the validity of the debtor's claim of exemption.

Section 522(b)(1) of the Bankruptcy Code gives each state the option to restrict its residents to the exemptions permitted by the laws of that particular state. 11 U.S.C. § 522(b)(1). Virginia has exercised that option by enacting Virginia Code § 34–3.1. Code of Virginia § 34–3.1 (1983 Cum. Supp.). The Fourth Circuit Court of Appeals, in a recent decision, has held that under Section 522(b)(2)(A) of the Bankruptcy Code[2], Virginia residents must claim their exemptions "in the manner prescribed" by Virginia law. *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982).

While Virginia Code § 34–4 provides that every householder or head of family residing in Virginia is entitled to a homestead exemption for real and personal property, Virginia Code § 34–6 requires a person who seeks "to secure the benefit of the exemption of real estate under § 34–4" to file his Homestead Deed in the "county or corporation wherein" said real estate is located. Code of Virginia § 34–6 (1976 Repl. vol.).

Virginia Code § 34–14 requires the householder seeking to secure his homestead exemption to file his Homestead Deed "in the county or corporation wherein such householder resides." Code of Virginia § 34–14 (1976 Repl. vol.). Thus, a householder desiring to exempt real property located in a jurisdiction different from the

---

1. The trustee filed his objection to the exemption of the real estate outside the time allowed pursuant to Rule 23 of the local rules of this Court. On January 18, 1983, however, the Court granted the trustee's motion for permission to file the objection, said filing thereby deemed timely.

2. Section 522(b)(2)(A) provides that a debtor not eligible to claim the exemptions set forth in the Bankruptcy Code may, instead, exempt "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2)(A).

county or corporation wherein he resides must file the Homestead Deed in both jurisdictions.

It is undisputed that the debtor did not file a Homestead Deed in Prince George's County, Maryland, the location of the real property, a half interest in which the debtor has claimed as exempt. This Court considers the Fourth Circuit's decision in *Zimmerman v. Morgan, supra,* to be controlling in this case. The debtor herein failed to claim his exemption in the Maryland real estate "in the manner prescribed" by Virginia law. *Zimmerman v. Morgan, supra* at 472. Accordingly, the exemption is invalid and the trustee's objection to the exemption will be sustained.

The Court, having found the debtor's claim of exemption in the real estate to be invalid, there is now no exemption which could be impaired by the defendants' liens against the property. Accordingly, the complaint has no basis and will be dismissed.