**In re Kenneth Francis CALHOUN, Ruth Ann Calhoun, Debtors.**

**Bankruptcy No. 83–01204–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division

Feb. 19, 1985.

John C. Somers, Richmond, Va., for debtors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court on the objection of the Chapter 7 trustee, Douglas O. Tice, Jr., to the claiming of a homestead exemption by Kenneth F. and Ruth A. Calhoun, in certain real property located in Kansas. A hearing was held on the trustee's objection on October 25, 1983 at which time the Court heard the evidence of the parties. At the conclusion of the hearing and by Order entered on October 26, 1983, the Court took the matter under advisement and directed the parties to file briefs on the issues. Upon some delay occasioned by the debtors' conversion of their case to Chapter 13 and reconversion to Chapter 7, the Court received and considered the briefs and argument of counsel. Upon review of the evidence adduced at the hearing and the argument of counsel, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Kenneth F. and Ruth A. Calhoun (the "debtors") filed a petition in this Court for relief under Chapter 7 on August 5, 1983 and Douglas O. Tice, Jr. was appointed the Chapter 7 trustee ("trustee"). The debtors likewise recorded their homestead deed on August 5, 1983, in the Clerk's Office of the Circuit Court of the County of Albemarle, Virginia, claiming as exempt pursuant to Virginia Code § 34–4 (Repl.Vol.1984) the equity in a certain house and lot located at 5228 Primrose Street, Sedgewick County in the State of Kansas. The debtors also claimed as exempt certain real property located in Illinois. The amount of the claimed exemption for the Kansas property was $7,508.00. A copy of the homestead deed was attached to the debtors' petition. The debtors' petition also states that the debtors maintain their residence in the County of Albemarle.

Thereafter, on September 21, 1983, the trustee filed his objection to the claimed exemption of the $7,508.00 equity in the house and lot located in Kansas. The trus-

tee also objected to the exemption claimed in the Illinois property, but this objection was subsequently withdrawn. At a hearing on the trustee's objection conducted on October 25, 1983, evidence was presented to the Court which established that the debtors had resided in the State of Kansas in 1979 and while so residing had entered into an installment sales contract entitled "Escrow Contract" on June 16th of that year for the purpose of purchasing the subject property from the sellers, Joe H. and Freida E. Lee. The contract price was $40,000.00 to be paid in installments of $406.10 per month plus interest at 10.75% until paid. The debtors also agreed to pay taxes and insurance. The contract further provided that pending full payment, a warranty deed executed by the sellers conveying title to the debtors was to be deposited with an escrow agent, Chisholm Trail State Bank. The contract also included a forfeiture provision which, in the event of default by the debtors under the contract, could mean the loss of any interest in the property and all payments made under the contract to the date of default, if the default was not cured within the thirty-day grace period.

The debtors' petition filed in these proceedings reveals that the debtors remained residents and domiciliaries of Kansas until sometime in 1982 when they moved to the Commonwealth of Virginia. The petition also reflects that Kenneth F. Calhoun had been employed by the Electric Motor & Repair Company in Richmond, Virginia for approximately 1½ years prior to the debtors' filing their petition in bankruptcy in this Court. The parties do not dispute that the debtors were domiciliaries and residents of Virginia for the greater part of the 180 days preceding the filing of the debtors' petition in bankruptcy.

The parties stipulated that the debtors are leasing the property in Kansas to tenants and have continued to make the payments under the contract from the rent proceeds. Upon the filing of their Chapter 7 petition under 11 U.S.C. § 701, the contract became an executory contract which the trustee could assume or reject. Pursu-

ant to 11 U.S.C. § 365, on motion of the trustee to assume the executory contract, and after notice and a hearing, this Court granted the motion by Order entered December 28, 1983.

Determination of the trustee's objection to the debtors' exemption was subsequently delayed by the debtors' request under 11 U.S.C. § 706(a) for conversion of their case to Chapter 13, which was granted on January 5, 1984. Upon the debtors' filing of their Chapter 13 schedules claiming the same exemption, the standing Chapter 13 trustee filed an objection to the exemption on March 21, 1984. Prior to a hearing and determination of this objection in the Chapter 13 proceeding, on motion of the debtors pursuant to 11 U.S.C. § 1307(a), the matter was reconverted to Chapter 7 on March 26, 1984. Upon Order of the Court dated July 12, 1984 by the Honorable Robert A. Merhige, United States District Judge, a new briefing schedule on the Chapter 7 trustee's objection was ordered and the matter reinstated on the Court's docket for determination. The sole issue before the Court is the trustee's objection which states in pertinent part that the "[d]ebtors did not perfect the exemptions claimed for this real property by complying with the homestead exemption laws of ... Kansas...." It is to the resolution of this issue that the Court now turns.

## CONCLUSIONS OF LAW

The trustee asserts that the debtors' recording of a homestead deed in Albemarle County, Virginia, the debtors' residence, failed to perfect their exemption in the Kansas property. This assertion is founded on two grounds contained in the trustee's brief: (1) that Kansas homestead exemption laws apply in this case and the debtors did not qualify for a Kansas homestead exemption, and (2) even if this Court were to hold that the Virginia homestead exemption laws apply in this case, the debtors did not properly perfect their exemption by recording their homestead deed in the county of the jurisdiction where the

property is located, *viz.*, Sedgewick County, Kansas pursuant to Virginia Code § 34–6 (Repl.Vol.1984).

The trustee contends that the installment sales contract executed by the debtors created in the debtors an interest in land by the doctrine of equitable conversion which required the recording of a homestead deed in Sedgewick County, Kansas in the same manner as would be required for real property in order to perfect the exemption. The debtors contend that Kansas exemption law is not applicable to the debtors' claimed exemptions, and that under Virginia law, the execution of the Escrow Contract created an interest in personalty from which the equity might be exempted pursuant to Virginia Code § 34–14 (Repl.Vol. 1984) by recording a homestead deed in the county where the debtors reside.

■ With respect to the issue of whether Kansas law or Virginia law should determine the allowance of the claimed exemption, the Court concludes that Congress has established its own choice of law provision in the matter of exemptions. The relevant provision is 11 U.S.C. § 522(b).[1] Pursuant to subsection 522(b)(2)(A), a debtor must determine prior to filing his petition in bankruptcy where his domicile has been located for the 180 days immediately preceding the date of filing, or if in more than one place during the 180 days, where the longer portion of such period was spent. *See In re Volk*, 26 B.R. 457 (Bankr.D.S.D. 1983); *In re Walley*, 9 B.R. 55 (Bankr.S.D. Ala.1981). In this case, there is no dispute that the debtors were domiciliaries of Virginia during the 180 days immediately preceding the filing of the petition and, thus, Virginia law is applicable under § 522(b)(2)(A) and exemptions must be asserted in the manner prescribed by Virginia law. *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982).

■ Upon a determination of domicile, the debtors' next step in determining what law governs his exemptions is found in § 522(b)(1). Under this provision, a debtor may claim the federal exemptions listed in § 522(d) unless the state law of the debtors' domicile made applicable to the debtor under subsection 522(b)(2)(A) specifically does not so authorize. In this case, Virginia has "opted-out" of the federal exemption scheme and Virginia debtors may only assert Virginia exemptions, including the homestead exemption. *Va.Code* § 34–3.1 (Repl.Vol.1984); *In re Wellberg*, 12 B.R. 48 (Bankr.E.D.Va.1981). Finally, the debtors must be "residents" at the time of filing their homestead deed in order to claim an exemption under Virginia law. *Va.Code* § 34–4, –24 (Repl.Vol.1984). The question of residence is an issue separate and distinct from the question of domicile raised in § 522(b)(2)(A). *See In re Wellberg*, 12 B.R. 48 (Bankr.E.D.Va.1981); *In re Hawkins*, 15 B.R. 618 (Bankr.E.D.Va.1981). In this case, the debtors were residents of Virginia at the time of filing their petition. As a consequence of the foregoing, the debtors in this case are prohibited by the Bankruptcy Code and Virginia law from claiming exemptions under any law other than Virginia law. *See In re Volk*, 26 B.R. 457 (Bankr.D.S.D.1983).

Virginia exemption law allows each debtor to exempt up to $5,000 of real or personal property as a homestead exemption. *Va.Code* § 34–4 (Repl.Vol.1984). However,

---

1. § 522(b). Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

in order to perfect the taking of the exemption, Virginia law requires the filing of a homestead deed claiming the exemption on the day of or before filing the petition in bankruptcy. *Va.Code* § 34–17 (Repl.Vol. 1984). Where the homestead deed is to be recorded depends on the nature of the property, *i.e.*, realty or personalty. If the property is realty, the homestead deed must be filed in the county of the jurisdiction where the land is located. *Va.Code* § 34–6 (Repl .Vol.1984). If personalty, the homestead deed must be filed in the county where the debtors reside. *Va.Code* § 34–14 (Repl. Vol.1984).

██ The determination of whether the debtors' interest in the subject property is realty or personalty must in this case be determined by Kansas law, and not Virginia law. Whether or not an installment sales contract is personalty or creates an interest in land through the doctrine of equitable conversion is a matter to be determined according to the laws of the jurisdiction where the interest was created. In this case, that jurisdiction is Kansas. The land is located in Kansas and the Escrow Contract was executed in Kansas. The situs of performance of the contract is Kansas. Any interest which the debtors may have in the property by virtue of the Escrow Contract arose at the time of execution in Kansas. Thus, this Court finds that the governing law with respect to the rights and interests arising under the installment land sales contract in this case is the law of the situs of the land. *See Hanson v. Hoffman*, 150 Kan. 121, 91 P.2d 31 (1939) (citing *Larned v. Larned*, 98 Kan. 328, 158 P. 3 (1916)); Restatement 2d, *Conflict of Laws*, § 189; 27 Am.Jur.2d *Equitable Conversion*, § 2; 15A C.J.S. *Conflict of Laws*, § 19(1), (2), (3); 18 C.J.S. *Conversion*, § 4; 91 C.J.S. *Vendor & Purchaser*, § 3; 17 C.J.S. *Contracts*, § 17.

██ In this case the Court concludes that under Kansas law the debtors' interest in the property in Sedgewick County, Kansas is that of realty and not of personalty. Kansas, like Virginia, follows the doctrine of equitable conversion. *See Matter of Hills Estate*, 222 Kan. 231, 564 P.2d 462 (1977); *Frisbie v. Director of Taxation for Department of Revenue*, 1 Kan.App.2d 416, 566 P.2d 29 (1977); *National Bank of Topeka v. Saia*, 154 Kan. 740, 121 P.2d 251 (1942); *Union Electric Co. v. Brown*, 149 Kan. 443, 87 P.2d 521 (1939). This doctrine states that upon the execution by buyer and seller of a contract for the sale and purchase of land, the buyer's interest for certain purposes becomes that of realty and the seller's interest is converted to personalty. *Matter of Hills Estate*, 222 Kan. 231, 564 P.2d 462 (1977). Thus, the Court concludes that the debtors' interest in the Kansas property was an equitable interest in realty and arose at the time of the execution of the Escrow Contract. *Id.; Gilmore v. Gilmore*, 60 Kan. 606, 57 P. 505 (1899).

Accordingly, in order to perfect their exemption of the equity in the Kansas property, the debtors must have complied with the requirements of Virginia law in recording their homestead deed. *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982). This meant recording a homestead deed in Sedgewick County, Kansas to comply with *Va. Code* § 34–6. *See In re Cappetta*, 33 B.R. 755 (Bankr.E.D.Va.1983). In *Cappetta*, the court held that a Virginia debtor having an interest in real estate located outside of Virginia must nevertheless comply with the requirements of § 34–6 of the Virginia Code and file a homestead deed in the jurisdiction where the property is situate. To the extent that the court in *Cappetta* held that the debtor must also file a second homestead deed in the county where the debtor resides, this Court disapproves of that interpretation of the statute for Virginia Code § 34–14 only applies to personalty and not to an interest in land. As a result, inasmuch as the debtors failed to comply with the applicable statute governing the recording of homestead deeds and failed to perfect their exemption of an interest in land, this Court should sustain the trustee's objection and disallow the claimed exemption.

An appropriate Order will issue.