**In re Michael KARAVIAS f/d/b/a M & M Construction, Debtor.**

**Charles O. Zebley, Jr., Trustee/Movant,**

v.

**Michael Karavias f/d/b/a M & M Construction, Debtor/Respondent.**

**No. 10–22472–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 19, 2010.

---

---

Charles O. Zebley, Uniontown, PA, for the Chapter 7 Trustee.

Stephen J. Hanak, Pittsburgh, PA, for Michael Karavias.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH, Bankruptcy Judge.

Charles O. Zebley, Jr., the Chapter 7 Trustee (hereafter "the Trustee") for Michael Karavias, the instant debtor (hereafter "the Debtor"), objects to several of the Debtor's exemptions, namely the Debtor's exemption of (a) $3,800.00 in cash, (b) $801.67 in a checking account with First Merit Bank, and (c) $22.95 in a savings account with First Merit Bank. For the reasons that are set forth below, the Court overrules the Trustee's exemption objections and, consequently, the Debtor may exempt such amounts, which amounts total $4,624.62.

## STATEMENT OF FACTS

The Debtor was domiciled in Virginia from August 2006 until June 2009, after which he has been domiciled in Pennsylvania. The Debtor commenced the instant Chapter 7 bankruptcy case on April 5, 2010.

The Debtor has formally elected to take the federal exemptions under 11 U.S.C. § 522(d) pursuant to 11 U.S.C. § 522(b)(2) and, in particular, has exempted the $4,624.62 in money pursuant to 11 U.S.C.

§ 522(d)(5). The Debtor concedes that he owns the $4,624.62 in money individually.

## DISCUSSION

As a threshold matter, the parties agree, and the Court concludes in any event, that:

(a) the state law that is applicable to the Debtor under 11 U.S.C. § 522(b)(3)(A), that is, the state law that controls the determination of whether the Debtor is eligible to take the federal exemptions and, if not, what state law exemptions he is eligible to take, is that of Virginia—such conclusion follows because (i) the Debtor, as of the date when he filed for bankruptcy, had not yet been domiciled in Pennsylvania for 730 days, and (ii) Virginia is the state where he was domiciled for the 180–day period that precedes the 730–day period that immediately preceded the commencement of the instant bankruptcy case; and

(b) Virginia is a state that has opted out of the federal bankruptcy exemptions, that is, Virginia law specifically provides that the federal exemptions under § 522(d) may not be taken, *see* Va.Code Ann. § 34–3.1 (West 2010).

The Trustee also argues, the Debtor does not disagree, and the Court concludes in any event, that relevant Virginia exemption law does not specifically provide for an exemption of cash or monetary equivalents. Virginia exemption law does provide for a homestead exemption of $5,000.00 to be taken generally in either personalty or realty, but such exemption is statutorily restricted in that it is not made available to debtors who—like the instant Debtor as of the Debtor's petition filing date—have ceased to be residents of Virginia, *see* Va.Code Ann. §§ 34–4 (provision of homestead exemption to "every house-

holder"); 34–1 (definition of householder is "any resident of Virginia"); 34–24 (homestead exemption also ceases when one "ceases to be a householder or when any person removes from Virginia"). In light of all of the foregoing, the Trustee contends that the Debtor may not exempt the $4,624.62 in money.

The Debtor disagrees with the Trustee's conclusion and argues instead that, because the practical effect of all of the Virginia exemption law when applied to himself is such that he is not entitled to take any exemptions, he is then legally afforded the right to take the federal exemptions under § 522(d). As support for such position, the Debtor relies on (a) the decision in *In re Hawkins*, 15 B.R. 618 (Bankr.E.D.Va.1981), and (b) the provision that is found in the last sentence—or in the hanging paragraph—of 11 U.S.C. § 522(b)(3) (hereafter "the § 522(b)(3) Savings Clause").

The *Hawkins* court did indeed hold that (a) a debtor may not take any exemptions under Virginia exemption law if such debtor is not a resident of Virginia, (b) if § 522(b)(3)(A) of the Bankruptcy Code operates such that Virginia law applies to a debtor but such debtor, as of the bankruptcy petition filing date, is also a nonresident of Virginia, then such debtor is left without any exemption at all, and (c) in such event, and precisely because such debtor is then left without any exemption at all, such debtor is thus entitled to take the federal exemptions under § 522(d). *See Hawkins*, 15 B.R. at 619. The § 522(b)(3) Savings Clause also provides that, "[i]f the effect of the domiciliary requirement under subparagraph (A) [i.e., § 522(b)(3)(A)] is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)." 11 U.S.C.A.

§ 522(b)(3) (West 2010) (last, hanging paragraph).

The Court agrees with the *Hawkins* court that a debtor may not take any exemptions under Virginia exemption law if such debtor is not a resident of Virginia. The Court so agrees, not only because, as the *Hawkins* court pointed out, a nonresident of Virginia is not entitled to take the $5,000 homestead exemption, *see Hawkins*, 15 B.R. at 619, but also since a nonresident of Virginia is not entitled to take any of the other exemptions in property that are afforded by Virginia law, *see* Va.Code Ann. §§ 34–26 (poor debtor's exemption in various articles of property afforded to "every householder;" householder is defined, pursuant to § 34–1, as any Virginia resident); 34–27 (householder permitted to exempt additional articles of property). Therefore, the Court also agrees with the *Hawkins* court that, if § 522(b)(3)(A) of the Bankruptcy Code operates such that Virginia law applies to a debtor but such debtor, as of his or her petition filing date, is also a nonresident of Virginia, then such debtor is left without any exemption at all. Furthermore, the Court holds that the § 522(b)(3) Savings Clause applies to such a debtor so that such debtor is free to then take the federal exemptions specified under § 522(d). Applying the foregoing law to the instant Debtor—who was a nonresident of Virginia on his petition filing date and for whom § 522(b)(3)(A) of the Bankruptcy Code operates such that Virginia law applies to him—the Court holds that the instant Debtor may exempt the $4,624.62 in money pursuant to § 522(d)(5).

The Trustee argues, as a final matter, that Virginia's exemption law residence restriction/requirement is preempted by the Bankruptcy Code so that, if § 522(b)(3)(A) of the Bankruptcy Code operates such that Virginia law applies to a debtor but such

debtor, as of his or her petition filing date, is also a nonresident of Virginia, then such debtor may nevertheless take all of the exemptions afforded by Virginia law regardless of Virginia's exemption law residence restriction. The Court disagrees with, and thus rejects, such position by the Trustee for the second reason that was given by the court in *In re Stephens,* 402 B.R. 1, 5–6 (10th Cir. BAP 2009), for rejecting a similar argument that was made in that case, namely that acceptance of such preemption argument would operate to "essentially render the added language at the end of § 522(b)(3) [(i.e., the § 522(b)(3) Savings Clause)] meaningless," *Id.* at 6.

### *CONCLUSION*

Therefore, the Court overrules the Trustee's exemption objections and, consequently, the Debtor may exempt the $4,624.62 in money pursuant to § 522(d)(5).

### *ORDER OF COURT*

**AND NOW,** this **19th day** of **October, 2010,** for the reasons, and utilizing the nomenclature, set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and a hearing on the matters that was held on September 7, 2010, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a) the Debtor may take the exemptions that he has scheduled in (a) $3,800.00 in cash, (b) $801.67 in a checking account with First Merit Bank, and (c) $22.95 in a savings account with First Merit Bank; and

(b) the Trustee's objection to such exemptions by the Debtor is **OVERRULED.**